# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                                **Case No. 06-CR-71**

**ESSIX McBRIDE**
        **Defendant.**

## ORDER

Defendant Essix McBride pleaded guilty to possession of a firearm as a felon, and on January 24, 2007, I sentenced him to 46 months in prison. He took no appeal. Defendant now moves for production of the transcripts of his sentencing and plea hearings. He states that he needs the transcripts in order to prepare a motion under 28 U.S.C. § 2255.

The motion must be denied. Defendant cites Fed. R. Crim. P. 23 in support of his request, but that Rule pertains to criminal trials and does not entitle him to transcripts. Instead, access to transcripts is governed by 28 U.S.C. § 753(f). That provision provides that an indigent defendant may obtain free transcripts to prosecute a § 2255 action, "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." However, the defendant must first file the § 2255 action in order to obtain transcripts under § 753(f). <u>United States v. Horvath</u>, 157 F.3d 131, 132-33 (2d Cir. 1998) (collecting cases); <u>United States v. Bumpus</u>, 125 F. Supp. 2d 190, 191-92 (S.D. W. Va. 2001). Because defendant has yet to file a § 2255 motion, he is not eligible for transcripts.

**THEREFORE, IT IS ORDERED** that defendant's motion for transcripts (R. 39) is

**DENIED.** His motion to proceed in forma pauperis is **DENIED** as moot.[1]

Dated at Milwaukee, Wisconsin, this 18th day of July, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] I will ask the clerk to send defendant a copy of his plea agreement, which he also requests.